**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**CAIR-FOUNDATION, INC., and**
**CAIR-FLORIDA, INC.,**

   *Plaintiffs,*

v.          **Case No.:  4:26cv315-MW/MJF**

**RONALD DESANTIS, et al.,**

   *Defendants.*

_____/

## ORDER DENYING EMERGENCY MOTION FOR RECONSIDERATION

This Court has considered, without hearing, Plaintiffs' emergency motion for reconsideration of this Court's Order denying its motion for temporary restraining order. ECF No. 27.

First, Plaintiffs now contend that their counsel faces imminent prosecution by continuing to litigate this constitutional challenge on their behalf. But as this Court previously noted, under Rule of Civil Procedure 65(b)(1)(A), a court may issue a temporary restraining order only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition." Plaintiffs' complaint, ECF No. 1, is not verified. And the only sworn declarations submitted in support of Plaintiffs' motion for temporary restraining order are focused on the direct harms to the organizations' reputations, advocacy and speech efforts, and Florida-

specific operations and vendors. *See* ECF No. 19-1 and ECF No. 19-2.  These sworn declarations do not include any evidence from counsel regarding whether they are chilled from continuing to represent Plaintiffs in this litigation moving forward, and thus, this Court is not going to speculate about potential harms to Plaintiff in this regard, particularly when Plaintiffs have submitted no affidavit or verified complaint detailing such facts in accordance with Rule 65(b)(1)(A). Moreover, absent further briefing from all sides, this Court is far from persuaded that Plaintiffs are substantially likely to succeed on Plaintiffs' new theory that its counsel are imminently likely to face prosecution for continuing to represent Plaintiffs in this constitutional challenge.

Second, the other harms attendant to the expected terrorist designation identified in the sworn declarations, ECF Nos. 19-1 and 19-2, are the same sorts of harms that Plaintiffs identified in an earlier case based on an earlier Executive Order and which this Court ruled on only after affording the Defendant an opportunity to respond. What's more, Plaintiffs' asserted harms are based on the assumption that Defendants will hold a vote tomorrow—an occurrence which is no certainty—and that this vote will result in ratifying the terrorist designation—another assumption this Court cannot make. Notwithstanding Plaintiffs' emphasis on the fears and suspected consequences expressed in its earlier motion for temporary restraining order, Plaintiffs have identified no new evidence or argument of merit in their motion

for reconsideration that would persuade this Court that it should grant extraordinary relief without affording Defendants an opportunity to respond here.

For these reasons, the motion for reconsideration, ECF No. 27, is **DENIED**.

**SO ORDERED on July 7, 2026.**

**s/Mark E. Walker**
**United States District Judge**