**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

CAIR-FOUNDATION, INC. and
CAIR FLORIDA, INC.,

*Plaintiffs*,

v.

Case No. 4:26-cv-315-MW-MJF

RON DESANTIS, *et al.*,

*Defendants*.
_______________________________/

**REPORT OF THE PARTIES' RULE 26(f) PLANNING MEETING**

1. The following persons participated in a Rule 26(f) conference on August 27, 2026 by video conference:

Representing Plaintiffs CAIR-Foundation, Inc. and CAIR Florida, Inc.:

- Manoj S. "Sachin" Varghese
- Mark Bailey
- Kayla Polonsky
- Celin Carlo-Gonzales

Representing Defendants:

- Charles Cooper
- John Ramer
- Jessica Craine
- Riley Walters

2. **Nature and basis of all claims and defenses**:

Plaintiffs' Position:

This is a civil rights action challenging Plaintiffs' impending designation as "domestic terrorist organizations" pursuant to Florida's new statutory designation scheme. Fla. Stat. §§ 617.1420, 775.30, 775.33, 775.34, 874.03, 943.03102 (with respect to provisions concerning "domestic terrorist organizations" and together with the related provisions in Section 823.05 and Chapter 874, the "DTO regime"). The DTO regime on its face gives Defendants the unilateral power to designate any U.S. organization as a "domestic terrorist organization"—including nonprofit organizations engaged in First Amendment-protected activity—subject to no evidentiary requirement or burden of proof. Designation punishes those organizations by exposing them—and anyone who provides them with "material support" or who initiates, organizes, or directs activity intended to further the organization's interests—to severe criminal penalties, including up to life in prison. Fla. Stat. §§ 775.33(2), 874.10. Defendants announced their intent to designate CAIR pursuant to the DTO regime on July 1, 2026. Defendants lack any legitimate basis for this designation.

The DTO regime and Defendants' impending designation of Plaintiffs violate Plaintiffs' First Amendment rights to freedom of speech, association, petition, and legal counsel, and Defendants' impending designation of Plaintiffs constitutes unlawful First Amendment retaliation. The DTO regime and Defendants' impending designation of Plaintiffs also violate Plaintiffs' Fourteenth Amendment rights to due process and to legal counsel.

Defendants' Position:

The Florida Legislature passed, and Governor DeSantis signed, two bills intended to address the issue of domestic terrorist organizations. The first, HB 1471, defines "domestic terrorist organizations" (DTOs) and provides a process by which the Chief of Domestic Security may designate such organizations with the approval of the Governor and the Cabinet. HB 1471 also provides restrictions and penalties associated with such designations. HB 1473 provides an exemption from public-records requirements for certain information relating

to the designation of an organization as a domestic terrorist organization. Pursuant to its statutory authority, the Florida Department of Law Enforcement is currently engaged in rulemaking to implement the process established by HB 1471.

Plaintiffs CAIR-Foundation ("CAIR") and its associated Florida entity, CAIR-Florida, have sued the Governor, the Chief of Domestic Security, the Cabinet—the Attorney General, the Chief Financial Officer, and the Commissioner of Agriculture—and all State Attorneys in Florida. Plaintiffs allege that their designation as a DTO is imminent and allege claims under the First Amendment (speech, association, retaliation, petition, and right to counsel) and under the Fourteenth Amendment (procedural due process and right to counsel).

Presently, the legal and factual issues include (1) whether, in the absence of a designation or final regulation, Plaintiffs have standing and Plaintiffs' claims are ripe; (2) whether a designation under the statutory and regulatory scheme implicates the First Amendment; (3) if a designation does implicate the First Amendment, whether the State can satisfy the relevant level of scrutiny; (4) whether the statutory and regulatory scheme satisfies due process; (5) whether the statutory and regulatory scheme deprives Plaintiffs of the right to counsel; and (6) any other legal or factual issues raised in Defendants' eventual motion to dismiss or responsive pleading, *see* ¶ 4.b.

3. **Discovery Plan**. The parties propose this discovery plan:

   a. Discovery will be needed on these subjects:

   <u>Plaintiffs' Position:</u>

Discovery will include all topics relevant to the claims and defenses in this action. These topics will include, but not be limited to: (1) Defendants' purported bases for designating Plaintiffs as domestic terrorist organizations under the DTO regime; (2) Defendants' opposition to Plaintiffs' First Amendment-protected activity and retaliation against Plaintiffs for such activity; (3) Defendants' involvement in the development of the DTO regime;

(4) Defendants' development of regulations pursuant to the DTO regime; (5) communications and actions relating to the interpretation and enforcement of the DTO regime.

Defendants' Position:

Discovery will include all topics relevant to the claims and defenses in this action, including any factual or legal defenses made in Defendants' eventual motion to dismiss or responsive pleading, *see* ¶ 4.b. These topics will include, but not be limited to, Plaintiffs' relationship to terrorist groups, terrorist activity, and terrorist financing.

b. **Dates for discovery.** Pursuant to the Court's Initial Scheduling Order, Doc. 42, discovery started as of August 3, 2026 and the due date of any discovery requested shall not be later than November 28, 2026. As set forth in ¶ 6 below, the parties propose tiered fact and expert discovery, and separately propose the following deadlines for the close of discovery:
   i. Fact Discovery:
      1. Plaintiffs' position: 120 days after the state designates one or both Plaintiffs pursuant to the DTO regime.
      2. Defendant's position: 8 months after the state designates one or both Plaintiffs pursuant to the DTO regime. Defendants have selected this timeframe based on discovery in *CAIR-Foundation, Inc. v. DeSantis*, No. 4:25-cv-516-MW-MJF (N.D. Fla.) (*CAIR I)*. That case involves similar issues, and discovery is currently scheduled to close approximately nine months after entry of the Court's initial scheduling order, *see* Initial Scheduling Order, Dkt. 30 (Jan. 29, 2026); Order, Dkt. 89 (July 14, 2026) (extending discovery deadline to October 26, 2026).
   ii. Expert Discovery: 90 days after the close of fact discovery.
   iii. **Limited Consolidation of Discovery with *CAIR I*.** The parties are negotiating possible, limited consolidation of discovery with *CAIR I*. Plaintiffs have proposed consolidating depositions for the parties in common between the two cases to reduce the burden on the parties and the Court, and Plaintiffs reserve the right to seek this

consolidation if the parties cannot reach an agreement. Defendants are considering Plaintiffs' proposal and will continue to meet and confer with Plaintiffs in hopes of finding efficiencies in the discovery process in both this case and *CAIR I*.

c. **Interrogatories**. The number of interrogatories by each party to another party, along with the dates the answers are due will be governed by Federal Rule of Civil Procedure 33, unless consented to by all parties or authorized by the Court. The parties therefore agree that the opposing side may serve 25 interrogatories total upon each opposing party.

d. **Requests for Admission**. The number of requests for admission, along with the dates responses are due, will be governed by Federal Rule of Civil Procedure 36, unless consented to by all parties or authorized by the Court.

e. **Number of Depositions**. The number of depositions will be governed by Federal Rule of Civil Procedure 30, unless consented to by all parties or authorized by the Court.

f. **Limits on Depositions.** The length of depositions will be governed by Federal Rule of Civil Procedure 30, unless consented to by all parties or authorized by the Court.

g. **Initial Disclosures**. The Court's Initial Scheduling Order states that the parties will complete the initial disclosures by September 10, 2026. As set forth in ¶ 6 below, the parties propose an initial disclosure deadline of the later of 14 days after the state issues regulations pursuant to the DTO regime or designates one or both Plaintiffs pursuant to those regulations.

h. **Deadline to Object to or Amend Scheduling Order.** The Court's Initial Scheduling Order states that any objection or request for a different scheduling order must be made within 44 days, making such a motion

due September 16, 2026.

i. **Expert Disclosures.** The Court's Initial Scheduling Order states that expert disclosures pursuant to FRCP 26(a)(2) are due within 60 days of the order, October 2, 2026. As set forth in ¶ 6 below, the parties propose that affirmative expert disclosures are due 30 days after the close of fact discovery, and rebuttal expert disclosures are due 60 days after the close of fact discovery.

j. **Dates for supplementations under Rule 26(e).** As set forth in Federal Rule of Civil Procedure 26(e).

4. **Other Items:**

a. **A date if the parties ask to meet with the court before a scheduling order.** The parties do not request a scheduling conference at this time.

b. **Answer or Responsive Pleading.** The later of 30 days after the state issues regulations pursuant to the DTO regime or designates one or both Plaintiffs pursuant to those regulations.

c. **Joinder of Parties.** The later of 45 days after the state issues regulations pursuant to the DTO regime or designates one or both Plaintiffs pursuant to those regulations, 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f).

d. **Amendments to the Pleadings.** The later of 45 days after the state issues regulations pursuant to the DTO regime, 45 days after the state designates one or both Plaintiffs pursuant to those regulations, 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f).

e. **Motions to Compel Discovery.** 30 days before the close of fact discovery.

f. **Dispositive Motions.** The Court's Initial Scheduling Order sets a dispositive motion deadline of December 19, 2026. As set forth in ¶ 5(b) below, the parties propose extending this deadline to 60 days after the close of expert discovery.

g. **Requested dates for pretrial conferences.** 60 days after the Court's ruling on dispositive motions.

h. **Dates for Trial**. 60 days after the pretrial conference. The parties anticipate this will be more than eight months after the issuance of the Initial Scheduling Order. The parties contemplate, at minimum, 120 days of fact discovery followed by 90 days of expert discovery. Furthermore, many of the parties' proposed deadlines are contingent on Defendants' issuance of regulations or designation of Plaintiffs, which may create the need for a longer discovery period. Lastly, all parties intend to file dispositive motions after the close of discovery. Together, this schedule will push any trial out more than eight months.

i. **Prospects for Settlement**: The Parties do not presently foresee a likelihood of settling this dispute.

j. **Identify any alternative dispute resolution procedure that may enhance settlement prospects.** The parties do not believe that mediation appears helpful at this time.

k. **Other Matters.**

  i. Notwithstanding Rule 26(b)(5)(A)(ii), a party need not log responsive documents, electronically stored information (ESI), or tangible things that the party claims, in response to a discovery request, are protected attorney–client communications, attorney work product, or litigation- or trial-preparation materials, if they were sent to or from an attorney for any party after the filing of this litigation and are related to this litigation. All other claims of privilege remain subject to the requirements in Rule 26(b)(5).

ii. Pursuant to Rule 5, the parties agree to service by email to all counsel of record. As a professional courtesy but not a requirement for effective service, the parties will copy non-counsel of record upon request.

5. Pursuant to the Initial Scheduling Order, Doc. 42 ¶ 2(a)(i)–(ix), the parties also discussed the following matters:

a. **The matter of magistrate judge jurisdiction over the case.** The parties conferred regarding their willingness to consent to magistrate judge.

b. **Proposed timetables and cutoff dates for the joinder of other parties, amendments to the pleadings, and the filing of motions and responses, and in particular, whether this initial scheduling order should be revised or amended in any way.** The parties request that the deadlines in the Court's initial scheduling order be extended to allow additional time for fact and expert discovery. A summary of the agreed upon deadlines is included in the chart below, ¶ 6.

c. **The parties' respective discovery requirements in this case, and if the parties deem this initial scheduling order to be inadequate, they shall develop an alternate proposal which specifically addresses the timing and form of discovery, whether discovery should be conducted in phases or limited in any respect, and what, if any, changes should be made in the discovery procedures and time deadlines set out in this initial scheduling order, or in the applicable rules.** *See* ¶¶ 3, 6.

d. **Whether any party will likely request or produce information from electronic or computer-based media.** The parties will likely request or produce information from electronic or computer-based media. Disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business. The parties will jointly propose an ESI protocol to be entered by the Court. Claims of privilege or of protection as litigation- or trial-preparation materials may be asserted after production pursuant to the procedures set forth in Rule 26(b)(5)(B), except that the party making the claim must make the notice under Rule 26(b)(5)(B) promptly after learning that the material was

inadvertently disclosed. The parties do not, at this time, anticipate other problems that may arise in connection with ESI discovery.

e. **Any other matters which the parties deem appropriate with regard to specific aspects or the uniqueness of this case, and including any applicable subject within Rule 16(c).** There are no other matters with regard to specific aspects or the uniqueness of this case, including any applicable subject within Rule 16(c), that the parties deem appropriate for the Court to address at this time.

f. **The Manual for Complex Litigation.** This case should not be made subject to the Manual for Complex Litigation.

6. The following table summarizes the parties' agreed-on discovery deadlines and proposed changes from the Initial Scheduling Order:

| **Deadline** | **Initial Scheduling Order Date** | **Proposed Date** |
|---|---|---|
| Initial Disclosures | September 10, 2026 | The later of 14 days after the state issues regulations pursuant to the DTO regime or designates one or both Plaintiffs pursuant to those regulations. |
| Deadline to Object to or Amend Scheduling Order | September 16, 2026 | September 16, 2026 |
| Answer or Responsive Pleading | None | The later of 30 days after the state issues regulations pursuant to the DTO regime or designates one or both Plaintiffs pursuant to those regulations. |
| Joinder of Parties | None | The later of 45 days after the state issues regulations pursuant to the DTO regime or designates one or both Plaintiffs pursuant to those regulations, 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f). |

| | | |
|---|---|---|
| Amendments to the Pleadings | None | The later of 45 days after the state issues regulations pursuant to the DTO regime, 45 days after the state designates one or both Plaintiffs pursuant to those regulations, 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f). |
| Close of Fact Discovery | November 28, 2026 | Plaintiffs' Position: 120 days after the state designates one or both Plaintiffs pursuant to the DTO regime.<br><br>Defendants' Position: 8 months after the state designates one or both Plaintiffs pursuant to the DTO regime. |
| Motions to Compel Discovery | None | 30 days before the close of fact discovery. |
| Affirmative Expert Disclosures | October 2, 2026 | 30 days after the close of fact discovery. |
| Rebuttal Expert Disclosures | None | 60 days after the close of fact discovery. |
| Close of Expert Discovery | None | 90 days after the close of fact discovery. |
| Dispositive Motions | December 19, 2026 | 60 days after the close of expert discovery. |
| Pretrial Conference | None | 60 days after the Court's ruling on dispositive motions. |
| Dates for Trial | None | 60 days after the pretrial conference. |

Respectfully submitted this 10th day of September, 2026.

*(Signatures on Next Page)*

*/s/Charles J. Cooper*

Charles J. Cooper (No. 248070DC)
John D. Ramer (*pro hac vice*)
Nicole J. Moss (*pro hac vice*)
Riley W. Walters (*pro hac vice*)
Jessica P. Craine (*pro hac vice*)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com
jramer@cooperkirk.com
nmoss@cooperkirk.com
rwalters@cooperkirk.com
jcraine@cooperkirk.com

David. M.S. Dewhirst
*Solicitor General*
Jason J. Muehlhoff
*Chief Deputy Solicitor General*
Tyler E. Gustafson (FBN 1049292)
*Assistant Solicitor General*
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399
(850) 414-3300
david.dewhirst@myfloridalegal.com
jason.muehlhoff@myfloridalegal.com
tyler.gustafson@myfloridalegal.com

*Counsel for Defendants*

*/s/ Manoj S. "Sachin" Varghese*

Hina Shamsi (*pro hac vice*)
Ashley Gorski (*pro hac vice*)
Charles Hogle (*pro hac vice*)
Celin Carlo-Gonzalez (*pro hac vice*)
Natalie Smith (*pro hac vice*)
Patrick Toomey (*pro hac vice*)
**American Civil Liberties Union Foundation**
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
hshamsi@aclu.org
agorski@aclu.org
charlie.hogle@aclu.org
ccarlo-gonzalez@aclu.org
n.smith@aclu.org
ptoomey@aclu.org

Daniel B. Tilley (FBN 102882)
**ACLU Foundation of Florida**
4343 West Flagler Street, Ste. 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org

Scott D. McCoy (FBN 1004965)
**Southern Poverty Law Center**
2 South Biscayne Blvd., Ste. 3200
Miami, FL 33131
(786) 347-2056
scott.mccoy@splcenter.org

Aaron S. Fleisher*
*Not licensed in DC*
**Southern Poverty Law Center**
1101 17th Street NW, Ste. 550
Washington, DC 20036
(202) 945-7904

aaron.fleisher@splcenter.org

Diego A. Soto (*pro hac vice*)
**Southern Poverty Law Center**
150 E. Ponce De Leon Ave., Ste. 340
Decatur, GA 30030
(404) 521-6700
diego.soto@splcenter.org

Mary Ella W. Simmons (*pro hac vice*)
**Southern Poverty Law Center**
201 St. Charles Ave., Ste. 2000
New Orleans, LA 70170
(504) 486-8982
maryella.simmons@splcenter.org

Manoj S. "Sachin" Varghese (*pro hac vice*)
Mark L. Bailey (*pro hac vice*)
**Bondurant, Mixson & Elmore, LLP**
1201 W. Peachtree St. NW, Ste. 3900
Atlanta, GA 30309
(404) 881-4100
varghese@bmelaw.com
bailey@bmelaw.com

Shereef H. Akeel*
Samuel Simkins*
**Akeel & Valentine, PLC**
888 West Big Beaver Road, Ste. 350
Troy, MI 48084
(248) 269-9595
shereef@akeelvalentine.com
sam@akeelvalentine.com

**Pro hac vice motion forthcoming*

*Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that this filing has been prepared with one of the font and point selections approved by the Court in LR 5.1(C): Times New Roman, 14- point type.

*/s/ Manoj S. "Sachin" Varghese*
Manoj S. "Sachin" Varghese
(Pro Hac Vice)

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2026, the undersigned electronically filed the foregoing **REPORT OF THE PARTIES' RULE 26(f) PLANNING MEETING** using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

*/s/ Manoj S. "Sachin" Varghese*
Manoj S. "Sachin" Varghese
(Pro Hac Vice)