**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

CAIR-FOUNDATION, INC. and
CAIR-FLORIDA, INC.,

*Plaintiffs*,

Case No. 4:26-cv-315-MW-MJF

v.

RON DESANTIS, *et al.*,

*Defendants*.
_______________________________/

**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE**

As this Court explained in its order to show cause, "the standing inquiry looks to the time the complaint was filed" and is not altered by subsequent regulatory actions. *Comput. & Commc'ns Indus. Assoc. v. Uthmeier*, 826 F. Supp. 3d 1358, 1370 n.6 (N.D. Fla. 2025) ("standing analysis" unaffected by "the State's new enforcement action"); *Falls v. DeSantis*, No. 4:22-cv-166-MW/MJF, 2023 WL 3568526, at *6 (N.D. Fla. May 19, 2023) (standing cannot be premised on a regulation promulgated "*after* Plaintiffs filed their complaint"). When Plaintiffs filed their complaint on July 1, 2026, there had been no hearing, let alone a vote, on whether to designate them as domestic terrorist organizations under Florida law. *See* Fla. Stat. § 943.03102(2)(c)–(d). Moreover, section 943.03102(5) expressly required the Florida Department of Law Enforcement to "adopt rules to implement" the

statutory scheme. *Id.* § 943.03102(5).

By filing this action before the Governor and Cabinet made a conclusive decision to designate, Plaintiffs put this Court in the position of having to decide their First Amendment and Due Process claims *before* there is a record establishing the basis for the (as-of-then nonexistent) designations, and *before* Plaintiffs could be afforded any procedural protections required by the Constitution. Whether framed as standing or ripeness, the operative complaint does not present a justiciable case or controversy. *See Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1335, 1339–41 (11th Cir. 2005); *Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 589–91 (11th Cir. 1997); *cf. KindHearts for Charitable Humanitarian Dev., Inc. v. Geithner*, 647 F. Supp. 2d 857, 908–10 (N.D. Ohio 2009) (due process challenge to terrorist designation unripe because government "ha[d] not formally designated" the plaintiff and "w[ould] consider a response" from the plaintiff "before determining whether to designate it").

Yesterday, however, the Governor and Cabinet voted pursuant to section 943.03102(2)(d) and the regulation promulgated thereunder, *see* Emergency Rule 11RER26-8, 52 Fla. Admin. Reg. 3963, 3967–68 (Sept. 14, 2026), to designate Plaintiffs as domestic terrorist organizations. In light of that factual development, Defendants concede that Plaintiffs' forthcoming amended complaint would satisfy the injury-in-fact requirement of Article III standing. *See* ECF No. 63 at

1 (authorizing Plaintiffs' amended complaint to be filed on or before October 1).

DATED: September 30, 2026

Respectfully submitted,

JAMES UTHMEIER
*Attorney General of Florida*

*/s/ Charles J. Cooper*
CHARLES J. COOPER (NO. 248070DC)
JOHN D. RAMER*
NICOLE J. MOSS*
RILEY W. WALTERS*
JESSICA CRAINE*

**COOPER & KIRK, PLLC**
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
ccooper@cooperkirk.com

*Appeared *Pro Hac Vice*

*/s/ David M.S. Dewhirst*
DAVID M.S. DEWHIRST (FBN 1076928)
*Solicitor General*
TYLER E. GUSTAFSON (FBN 1049292)
*Assistant Solicitor General*

**OFFICE OF THE ATTORNEY GENERAL**
The Capitol, PL-01
Tallahassee, FL 32399-1050
Tel: (850) 414-3300
david.dewhirst@myfloridalegal.com

*Counsel for Defendants*

# **CERTIFICATE OF SERVICE**

I, Charles J. Cooper, hereby certify that a true and correct copy of the foregoing document was sent via CM/ECF on September 30, 2026, to all counsel of record.

Dated: September 30, 2026

*/s/ Charles J. Cooper*

Charles J. Cooper
COOPER & KIRK, PLLC
Telephone: (202) 220-9600
ccooper@cooperkirk.com